# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

JOHNNY LEE NICHOLS,                                                          PLAINTIFF
ADC #115100

V.                                      5:12-cv-00302-SWW-JJV

RAY HOBBS, Director, Arkansas
Department of Correction                                                    DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan

Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection is to

a factual finding, specifically identify that finding and the evidence that supports your objection.  An

original and one copy of your objections must be received in the office of the United States District

Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The

copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of

the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted)

was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence

desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.    INTRODUCTION/FACTS

Plaintiff, Johnny Nichols, is a state inmate at the Wrightsville Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983 against Ray Hobbs, the ADC Director, alleging fraud in connection with a pending habeas corpus petition, and asking for reimbursement of legal expenses incurred with respect to that litigation. After carefully reviewing the documents submitted by Plaintiff, the Court concludes the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### II.    SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   The Court must also weight all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## III.   ANALYSIS

Title 42 U.S.C. § 1983 was enacted to allow plaintiffs to enforce constitutional rights against defendants who have violated their rights while acting under color of state law.   *Griffin-El v. MCI Telecommunications Corp.*, 835 F.Supp. 1114, 1118 (E.D. Mo. 1993).  The law reads as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

Plaintiff alleges he has accrued much expense in litigating a pending habeas proceeding, *Nichols v. Hobbs*, 5:12-cv-00152-KGB-JTR, and accuses the ADC of fraud in connection with it. (Doc. No. 1 at 4.)   He asks the Court to reimburse him the monies expended in connection with that proceeding.  *Id.*

The Court finds that these allegations fail to state a claim upon which relief may be granted. In his habeas petition, Plaintiff claims his sentence is invalid because he was misled into accepting a plea.  (*Nichols v. Hobbs*, 5:12-cv-00152, Doc. No. 1.)  In his Amended Petition, he alleges fraud in connection with that plea agreement, claiming a violation of the Uniform Commercial Code.  (*Id.*, Doc.

No. 14 at 5.)  This claim appears to be an ineffective assistance of counsel claim but could possibly be construed as an allegation of prosecutorial misconduct.  In either case, Defendant Hobbs had no involvement in Plaintiff's sentence.  And in the present action, Plaintiff fails to provide any explanation as to how Defendant Hobbs has violated his constitutional rights.  Therefore, the Court finds Plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face" and his cause of action should be dismissed for failure to state a claim upon which relief may be granted.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570.

**IV.    CONCLUSION**

IT IS, THEREFORE,  RECOMMENDED that:

1.    The Complaint be DISMISSED, for failure to state a claim.

2    This dismissal constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any order adopting these recommendations would not be taken in good faith.

DATED  this 20th day of September, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an *in forma pauperis* civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.